

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MARGARET SHIELDS,<br><br>    Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF WEST ALABAMA; THE UNIVERSITY OF WEST ALABAMA BOARD OF TRUSTEES,<br><br>    Defendants. | 7:14-cv-02198-LSC |

MEMORANDUM OF OPINION

The Court has Defendants' Motion for Reconsideration. After reconsidering the issue, the Court amends its previous Order and Memorandum of Opinion. Defendants' Motion for Summary Judgement is GRANTED, and Shields's claims are DISMISSED.

The Defendants argue that Shields should be judicially estopped from bringing this claim because she failed to list it as an asset in her Chapter 13 Bankruptcy asset schedules. "Judicial estoppel is an equitable doctrine invoked at a court's discretion." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). Application of the judicial estoppel doctrine prevents a party from

"asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Id.* at 1285 (quoting 18 James Wm. Moore et al., *Moore's Federal Practice* § 134.30, p. 134–62 (3d ed. 2000)). The purpose of the doctrine is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 724, 749–50. Because judicial estoppel protects the process, not a specific party, the one asserting the doctrine need not show that it detrimentally relied on the other party's previous assertions or even that it was involved in the previous proceeding. *See Burnes*, 291 F.3d at 1286.

The Eleventh Circuit primarily analyzes two factors when applying judicial estoppel to a particular case. *See id.* at 1285 (noting that the "two factors applied in the Eleventh Circuit are consistent with the Supreme Court's instructions" in *New Hampshire*). First, a party's allegedly inconsistent position must have been "made under oath in a prior proceeding." *Id.* at 1285 (quoting *Salomon Smith Barney, Inc. v. Harvey*, 260 F.3d 1302, 1308 (11th Cir. 2001)). Second, the "inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Id.* "[T]hese two enumerated factors are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine." *Id.* at 1286.

Judicial estoppel has frequently been used to estop plaintiffs from bringing claims that they did not list as assets in bankruptcy proceedings. "A debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010). Specifically, in Chapter 13 proceedings, a debtor has an ongoing duty to amend her asset schedules to reflect additional assets. *See id.* As such, a debtor's failure to amend her asset schedule "to reflect a pending claim while simultaneously [pursuing] that claim in another court of law constitutes inconsistent positions under oath." *Id.* at 1275. Furthermore, allowing a debtor to amend her asset schedules only after the omission has been challenged will not cure the initial failure to include the suit as an asset. *See Burnes*, 291 F.3d at 1288. Doing so would "suggest[] that a debtor should consider disclosing potential assets only if [she] is caught concealing them." *Id.*

Moreover, judicial estoppel requires "intentional contradictions, not simple error or inadvertence." *Id.* at 1286. However, direct evidence that a party acted with intent to deceive the court is not required. Rather, "deliberate or intentional manipulation can be inferred from the record" where the debtor had (1) knowledge of the undisclosed claims and (2) a motive for concealment. *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1294 (quoting *Burnes*, 291 F.3d at 1287).

Here, Shields filed for Chapter 13 bankruptcy on October 15, 2010. She later filed an EEOC charge on December 9, 2013 and filed this suit on November 13, 2014, but she did not amend her asset schedules to include her claim. Instead, she waited until November 13, 2015 to inform the Bankruptcy Court of this claim, after the Defendants in this case challenged her omission. Thus, for one year, Shields took inconsistent positions by simultaneously pursuing her claim of discrimination and omitting it on asset schedules.

Further, Shields clearly knew about her claim because she filed an EEOC charge and this lawsuit. However, she made no effort to amend her asset schedules until the Defendants moved to dismiss this case based on her omission. If the parties had settled this case before summary judgment, then Shields could have hidden such proceeds from the Bankruptcy Court and her creditors. This result would have made a mockery of the judicial system by simultaneously using it to recover damages yet evading its bankruptcy requirements. Accordingly, the Court infers from the record that Shields acted intentionally when she took inconsistent positions. As such, the Court amends its previous Order and holds that Shields is judicially estopped from bringing her claims. The Court's previous Memorandum of Opinion is amended to conclude that Plaintiff's complaint is due to be dismissed. A separate Order will be entered.

Done and Ordered this 15th day of January 2016.

                                      L. SCOTT COOGLER
                            UNITED STATES DISTRICT JUDGE
                                                          182185